IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-01-CR-0197-L(02) |
| | § | NO. 3-03-CV-0904-L |
| SERGIO OSORIO-SANCHEZ | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Sergio Osorio-Sanchez, appearing *pro se*, has filed a pleading entitled "Motion to Amend § 2255 Motion, Pursuant to Provision 4 of the AEDPA, and Title 28 U.S.C. Rule 60(b)(6)." For the reasons stated herein, the court should construe this pleading as a Rule 60(b) motion to vacate final judgment and deny the relief requested.

I.

On May 1, 2003, defendant filed a section 2255 motion challenging his 64-month sentence for illegal re-entry after deportation by an aggravated felon. In his sole ground for relief, defendant argued that his appellate lawyer was ineffective for failing to challenge his 16-point enhancement under U.S.S.G. § 2L1.2.[1] That motion was denied on July 31, 2003. *United States v. Osorio-*

---

[1] At the time this offense was committed, the base offense level for illegal re-entry after deportation was eight. U.S.S.G. § 2L1.2(a) (2000). However:

> If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows . . .
>
> (A)   If the conviction was for an aggravated felony, increase by 16 levels; . . .
>
> \* \* \* \*

*Id.* § 2L1.2(b)(1)(A).

*Sanchez*, No. 3-03-CV-904-L (N.D. Tex. Jul. 31, 2003). Defendant timely filed a notice of appeal and requested a certificate of appealability ("COA"). The Fifth Circuit denied a COA on November 3, 2003. *United States v. Osorio-Sanchez*, No. 03-10870 (5th Cir. Nov. 5, 2003). On August 27, 2003, while his direct appeal was pending, defendant filed the instant motion seeking to amend his original section 2255 motion to include a claim that counsel was ineffective assistance for failing to object to his criminal history category. As defendant correctly recognizes, such a motion must be brought under Fed. R. Civ. P. 60(b).

II.

A district court may grant relief from a final judgment "[o]n motion and upon such terms as are just . . ." FED. R. CIV. P. 60(b). These terms include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The court may also set aside a judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). However, relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *quoting Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 159 (5th Cir.), *cert. denied*, 111 S.Ct. 89 (1990).

In support of his motion, defendant alleges that he did not discover the factual basis of his new claim until July 8, 2003 when the government filed a copy of the sentencing transcript along with its response to his section 2255 motion. But he fails to explain what new information was gleaned from this transcript. The gravamen of defendant's most recent claim is that counsel should have objected when then district judge imposed a sentence based on a criminal history category of four instead of three as reflected in the presentence investigation report ("PSR"). However,

defendant was present at the sentencing hearing and presumably had access to the PSR. The sentencing transcript reveals only what defendant had already heard. There is no reason why this claim could not have been raised by defendant in his original section 2255 motion. Under these circumstances, Rule 60(b) relief is not warranted.

## RECOMMENDATION

The court should construe defendant's motion to amend as a Rule 60(b) motion to vacate final judgment and deny the relief requested.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 27, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE